UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:11CV67-RLV

| | |
|---|---|
| SHANNON S. BOND, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |
| | ) |

**ORDER WITH REMAND PURSUANT
TO SENTENCE FOUR OF 42 U.S.C. § 405(g)**

The defendant, Michael J. Astrue, has moved this Court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a judgment reversing the Commissioner's decision with a remand of the cause to the Commissioner for further administrative proceedings.

Upon remand to the Commissioner, the Administrative Law Judge will be directed:

[T]o further evaluate the claimant's residual functional capacity in light of the "great weight" given to William Hunter, M.D., and the Functional Capacity Evaluation dated March 2007 by Betty Gast, PT, MS, indicating the claimant's maximum physical capacity was at the "sedentary physical demand level." The Administrative Law Judge will obtain supplemental vocational evidence regarding whether there is other work the claimant can perform with her residual functional capacity.

(Document #20-1 / Mem. In Supp., 1-2).

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer,* 509

U.S. 292, 296-97 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

Signed: February 23, 2012

Richard L. Voorhees
United States District Judge